JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ludin Herrera-Aguilar, Florinda Herrera-Aguilar, Sandra Rivera Rodriguez, and Venancia Gaitan Rivera

**(b)** County of Residence of First Listed Plaintiff   **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Oxman Goodstadt Kuritz, P.C. (215) 665-9999
1518 Walnut Street, Suite 1010, Phila., PA 19102

### DEFENDANTS
Graeme Roullier, De La Fontaine Industries, et al.
(see attached Addendum with all defendants)

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code Section 1332 a(2)
Brief description of cause:
Motor vehicle accident involving Citizens of a State and Citizens of a Foreign State

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE  9/13/22

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ADDENDUM TO COVER SHEET

**Complete list of the Defendants:**

1.  GRAEME ROULLIER
    478 Rue De Hatley
    Magog, Quebec

2.  De La Fontaine Industries
    9880 Bourque Blvd.
    Sherbrooke, Quebec

3.  De La Fontaine Industries, Inc.
    1445 Brookville Way
    Suite S
    Indianapolis, Indiana 46239

4.  De La Fontaine, Inc.
    9880 Bourque Blvd.
    Sherbrooke, Quebec

5.  De La Fontaine Division Transport, Inc.
    515 Chemine Lapointe
    Stoke, Quebec

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1308 Frush Valley Rd., Reading, PA 19605; 904 N. 11th Street, Reading, PA 19605; 424 Spring Street, Reading, PA 19605___

Address of Defendant: ___Individual Defendants resides in Quebec Canada, Corporate Defendants have principle office in Quebec and a business office in Indianapolis, Indiana___

Place of Accident, Incident or Transaction: ___**Berks County, Pennsylvania**___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/13/2022__   _Judd (signature)_  _____   __57626__
                        *Attorney-at-Law / Pro Se Plaintiff* (Must sign here)   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (Please specify): _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                            Sign here if applicable
                            *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ludin Herrera-Aguilar,  Florinda Herrera-Aguilar, Sandra Rivera Rodriguez  and Venancia Gaitan Rivera | : | CIVIL ACTION |
| | : | |
| vs. | : | No. |
| | : | |
| Graeme Roullier, De La Fontaine Industries, De La Fontaine Industries Inc., De La Fontaine, Inc. and De La Fontaine Division Transport, Inc | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)


| | | |
|---|---|---|
| 09/13/2020 | Todd A. Goodgman, Esquire | All Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| | | |
| (215) 665-9999 | (215) 569-8811 | goodmant@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUDIN HERRERA-AGUILAR** | : | **CIVIL ACTION NO.** |
| **FLORINDA HERRERA-AGUILAR** | : | |
| **SANDRA RIVERA RODRIGUEZ** and | : | |
| **VENANCIA GAITAN RIVERA** | : | |
| PLAINTIFFS | : | **COMPLAINT AND JURY** |
| | : | **DEMAND** |
| `vs. | : | |
| | : | |
| **GRAEME ROULLIER** | : | |
| **DE LA FONTAINE INDUSTRIES** | : | |
| **DE LA FONTAINE INDUSTRIES INC.** | : | |
| **DE LA FONTAINE, INC.   and** | : | |
| **DE LA FONTAINE DIVISION TRANSPORT, INC**. | : | |
| | : | |
| DEFENDANTS | : | |

Plaintiffs, by way of Complaint against Defendants, aver as follows:

### JURISDICTION AND VENUE

1.      The district court has jurisdiction over this lawsuit because the action arises under

28 U.S. Code Section 1332 a (2) and involves citizens of a state and citizens or subjects of a

foreign state.

2.      Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 as the claims at

issue arose in this judicial district.

### PARTIES

3.      Plaintiff, Ludin Herrera-Aguilar is an individual, citizen and resident of the

Commonwealth of Pennsylvania, residing therein at 1308 Frush Valley Road in Reading,

Pennsylvania 19605.

1

4.    Plaintiff, Florinda Herrera-Aguilar is an individual, citizen and resident of the Commonwealth of Pennsylvania, residing therein at 904 N. 11th Street in Reading, Pennsylvania 19605.

5.    Plaintiff, Sandra Rivera Rodriguez is an individual, citizen and resident of the Commonwealth of Pennsylvania, residing therein at 424 Spring Street in Reading, Pennsylvania 19605.

6.    Plaintiff, Venancia Gaitan Rivera, is an individual, citizen and resident of the Commonwealth of Pennsylvania, residing therein at 904 Spring Street in Reading, Pennsylvania 19605.

7.    Defendant, Graeme Roullier (hereinafter sometimes referred to as "Roullier) is an individual, citizen and resident of Canada, residing therein at 478 Rue De Hatley in Magog, Quebec.

8.    Defendant, De La Fontaine Industries is a corporation or other business entity organized under the laws of the country of Canada, that has a principal office at 9880 Bourque Blvd in Sherbrooke, Quebec.

9.    Defendant, De La Fontaine Industries, Inc. is a corporation organized under the laws of the country of Canada that has various regional warehouses, offices or other facilities in the United States for the manufacture, distribution and sale of its products, including a business office located at 1445 Brookville Way, Suite S in Indianapolis, Indiana.

10.    Defendant, De La Fontaine Inc. is a corporation organized under the laws of the country of Canada, that has a principal office at 9880 Bourque Blvd in Sherbrooke, Quebec.

2

11.     Defendant, De La Fontaine Division Transport, Inc. (hereinafter sometimes referred to as "TRANSPORT") is a corporation organized under the laws of the country of Canada, that has a principal office at 515 Chemine Lapointe in Stoke, Quebec.

12.     Defendant, De La Fontaine Industries, Defendant, De La Fontaine Industries, Inc, Defendant, De La Fontaine Inc. and Defendant, De La Fontaine Division Transport, Inc are collectively referred to as "The Corporate De La Fontaine Defendants".

## GENERAL ALLEGATIONS

13.     On or about October 8, 2020, Plaintiff Ludin Herrera-Aguilar was operating a motor vehicle north on State Highway 61 a/k/a Pottsville Pike at its intersection with Grand Street in Hamburg Borough, Berks County, Pennsylvania.

14.     At all times pertinent and material hereto, Plaintiffs, Florinda Herrera-Aguilar, Sandra Rivera Rodriguez and Venancia Gaitan Rivera were passengers in the vehicle being operated by plaintiff Ludin Herrera-Aguilar.

15.     At the aforesaid time and place, defendant Graeme Roullier, was operating a truck south on the said State Highway 61 and attempted to make a left turn, to head east on Grand Street, in front of the vehicle being operated by the plaintiff, Ludin Herrera-Aguilar , causing a violent collision between the two vehicles.

16.     At all times pertinent and material hereto, Defendant Graeme Roullier, was operating the truck as the agent, servant and/or employee of The Corporate De La Fontaine Defendants.

17.     At all times pertinent and material hereto, the acts or omissions of The Corporate De La Fontaine Defendants were done or not done by its agents, servants, workmen and /or

3

employees acting within the course and scope of their employment and on the business of said defendant (s).

18.     At all times pertinent and material hereto, Defendant Roullier was operating a vehicle owned, maintained or controlled by The Corporate De La Fontaine Defendants in the course and scope of his agency or employment.

19.     At all times pertinent and material hereto, Defendant Roullier was authorized or directed to operate or use the truck owned, maintained or controlled by The Corporate De La Fontaine Defendants in the course and scope of his agency or employment.

20.     At all times pertinent and material hereto, The Corporate De La Fontaine Defendants were connected or related in their business activities with each other, and/or one or more of these entities was a subsidiary of another of these entities.

21.     At all times pertinent and material hereto, there was continuity between The Corporate De La Fontaine Defendants and any and all corporate predecessors as concerns the business enterprise of each of the Corporate De La Fontaine Defendants, including but not limited to key personnel, assets, business activity and/or assumption of liabilities.

### FIRST COUNT

### LUDIN HERRERA-AGUILAR vs. GRAEME ROULLIER

22.     Plaintiff incorporates all of the allegations contained in paragraphs one (1) through twenty-one (21) as fully as though the same were set forth herein at length.

23.     Defendant, Roullier operated the vehicle in a careless, reckless and negligent manner as to cause the collision with the vehicle operated by the plaintiff, Ludin Herrera-Aguilar.

4

24.     The negligence, and carelessness of Defendant, Roullier, consisted,

inter alia, of the following:

a.     failing to comply with 49 CFR 391.41 as to the qualifications for a commercial motor vehicle operator;

b.     failing to comply with 49 CFR 392 as to the operation of commercial vehicles;

c.     failing to comply with 49 CFR 383.11 as to the knowledge required for a commercial motor vehicle operator;

d.     failing to possess the appropriate motor vehicle safe driving skills pursuant to 49 CFR 383.113;

e.     operating the vehicle in violation of 49 CFR 392 operating rules;

f.     failing to properly inspect the vehicle pursuant to 49 CFR 396;

g.     failing to exercise extreme caution pursuant to 49 CFR 392.14;

h.     failing to operate the vehicle in accordance with 49 CFR 392.2;

i.     failing to possess the minimum knowledge requirements for the safe operation of a commercial vehicle pursuant to 49 CFR 383 and the CDL manual;

j.     failing to properly inspect the vehicle in accordance with federal safety standards and the CDL manual;

k.     failing to operate the vehicle in accordance with federal safety regulations;

l.     failing to operate and control the vehicle in accordance with the CDL manual;

m.     failing to operate the vehicle in accordance with proper safe driving skills;

n.     violating safety rules contained in the CDL manual;

o.     failing to look far enough ahead for road and traffic conditions;

p.     failing to look far enough ahead in accordance with the CDL manual;

5

q.    driving too fast for road or traffic conditions;

r.    failing to operate the vehicle as to maintain a proper stopping distance;

s.    failing to operate the vehicle as to maintain a proper stopping distance in accordance with the CDL manual;

t.    failing to operate the vehicle with due regard for road conditions;

u.    failing to operate the vehicle with due regard for slippery road surfaces or hazardous road conditions;

v.    failing to operate the vehicle with due regard for slippery road surfaces in accordance with the CDL manual;

w.    failing to properly manage the space around the vehicle to avoid the collision;

x.    failing to timely identify roadway or traffic hazards to avoid the collision;

y.    failing to observe roadway or traffic hazards to avoid the collision;

z.    engaging in distracted driving in accordance with the CDL manual; as to cause the collision;

aa.    failing to properly deal with driver fatigue in accordance with the CDL manual;

bb.    failing to properly brake in accordance with the CDL manual as to avoid the collision;

cc.    failing to properly steer the vehicle in accordance with the CDL manual as to avoid the collision;

dd.    operating said vehicle in violation of 49 CFR 392 and the CDL manual;

ee.    operating said vehicle at a speed that was excessive for road or traffic conditions;

ff.    operating said vehicle without due regard for the rights, safety and position of the plaintiffs herein at the point aforesaid;

gg.    failing to have said vehicle under proper and adequate control;

hh.   operating said vehicle in violation of the statutes of the Commonwealth of Pennsylvania as to the operation of motor vehicles on public highways, which conduct constitutes negligence per se as a matter of law;

ii.   failing to follow safety rules as set forth in commercial driving manual;

jj.   failing to follow safety rules as set forth in Federal Motor Carrier Safety Regulations;

kk.   failing to reduce speed or discontinue the operation of the vehicle due to visibility or road conditions;

ll.   failing to take reasonable measures to deal with visibility or road conditions; and

mm.   such other allegations of negligence as may be determined as a result of engaging in discovery in this case.

25.   The above-described collision resulted solely from the negligence and carelessness, of each of the Defendants, and was due in no way whatsoever to any act or failure to act on the part of the plaintiff, Ludin Herrera-Aguilar.

26.   As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, Ludin Herrera-Aguilar was violently tossed about the inside of her vehicle, sustaining serious personal injuries, including but not limited to multiple contusions, bruises and abrasions, a cervical strain and sprain, a right shoulder strain and sprain, cervical radiculopathy, a chest contusion, a right foot contusion and a left wrist and hand injury, and an aggravation or exacerbation of pre-existing degenerative conditions, all of which are or may be permanent in nature, and a severe and permanent shock to her nervous system, with resultant substantial loss of a body function, as a result of which she has suffered and may and probably will in the future continue to suffer great pain, agony and suffering, and she has been and probably will in the future be, hindered and prevented from attending to her usual and daily duties or have interfered

7

with her ability to engage in active pursuits, to her great financial damage and loss.

27.     As a further result of the aforesaid negligence of the Defendants, the plaintiff has suffered an injury which may be, in full or part, permanent, irreparable and severe.

28.     As a result of the injuries sustained, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her injuries, to her great financial damage and loss.

29.     As a direct result of this incident, Plaintiff has or may hereafter incur other financial expenses or losses which do or may exceed amounts which she may otherwise be entitled to recover, and result in an economic loss to her great financial damage and loss.

30.     As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has been disabled, and in the future may not be able to perform her usual functions and has been caused great pain and suffering, to her great loss and damage.

WHEREFORE, Plaintiff, LUDIN HERRERA-AGUILAR demands judgment against Defendant GRAEME ROULLIER in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## SECOND COUNT

### LUDIN HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC.

31.     Plaintiff incorporates all of the allegations contained in paragraphs one (1) through thirty (30) of the complaint as fully as though the same were set forth herein at length.

8

32.     The negligence, and carelessness of The Corporate De La Fontaine Defendants,

consisted, inter alia, of the following:

  a.     failing to provide its driver with an appropriate safety training program;

  b.     failing to have in place an appropriate driver safety training program;

  c.     failing to provide or instruct its driver as to all necessary safety procedures
         for the operation of the vehicle;

  d.     failing to provide its driver with proper vehicle safety inspection
         procedures;

  e.     failing to entrust the vehicle to a qualified driver;

  f.     leasing the vehicle to an unqualified driver;

  g.     failing to train its driver in accordance with federal safety standards;

  h.     failing to supervise its driver properly;

  i.     failing to have in place policies and procedures consistent with DOT
         regulations governing driving and operational safety of motor vehicles
         pursuant to 49 CFR 392 et seq;

  j.     failing to have in place a system for overseeing driver qualification
         requirements pursuant to 49 CFR 391;

  k.     failing to have in place a system for ensuring compliance with federal
         motor carrier safety regulations;

  l.     failing to enforce proper driver qualifications pursuant to 49 CFR 391;

  m.     failing to enforce proper operating rules for its drivers pursuant to 49 CFR
         392;

  n.     failing to properly inspect, repair and maintain the vehicle pursuant to 49
         CFR 396;

  o.     hiring an unqualified or unsafe driver;

  p.     failing to require that its driver be in compliance with hours of service

9

requirements;

q.    failing to follow federal safety standards in the use of the vehicle;

r.    failing to require that its driver follow federal safety standards in the use of the tractor and trailer;

s.    violating federal safety standards in the use of the vehicle;

t.    violating federal safety standards in the training and supervision of the driver;

u.    failing to install an operable collision avoidance system in the vehicle;
w.    failing to inspect and maintain the collision avoidance system;

x.    failing to install a satellite/GPS tracking system in the vehicle;

y.    failing to inspect and maintain the satellite/GPS tracking system;

z.    failing to require that its driver possess the specific skills of a commercial driver as set forth in 49 CFR 383.113;

aa.   failing to require that its driver have the requisite knowledge and comply with federal safety regulations pursuant to 49 CFR 390 et seq;

bb.   failing to have in place policies and procedures consistent with US DOT regulations governing driving and operational safety of motor vehicles pursuant to 49 CFR 392, 395, 396;

cc.   failing to properly investigate the qualifications of Defendant Roullier before it hired him to operate its commercial vehicles;

dd.   failing to inspect the vehicle prior to permitting Defendant Roullier to operate  the vehicle;

ee.   failing to follow safety rules set forth in Federal Motor Carrier Safety Regulations;

ff.   entrusting the vehicle to Defendant Roullier  with knowledge that he was not competent, qualified or safety conscious enough to operate it properly or safely;

gg.   failing to supervise Defendant Roullier's use of the vehicle as to constitute

10

vicarious liability as a matter of law;

hh.     failing to control Defendant Roullier's use of the vehicle as to constitute vicarious liability as a matter of law;

ii.     failing to comply with safety fitness standards provided in 49 CFR 385.5;

jj.     failing to comply with Federal Motor Carrier Safety Administration's compliance records, including but not limited to SAFER data and other FMCSA recorded data;

kk.     failing to maintain the vehicle properly;

ll.     failing to train its driver to keep a lookout at all times while he was operating the vehicle;

mm.     failing to train its driver to not drive the vehicle when he was fatigued; and

nn.     failing to require that its driver have knowledge and comply with federal motor carrier safety regulations.

WHEREFORE, Plaintiff, LUDIN HERRERA-AGUILAR demands judgment against

Defendants DE LA FONTAINE INDUSTRIES,  DE LA FONTAINE INDUSTRIES INC.,

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount

in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## THIRD COUNT

### LUDIN HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT HIRING AND RETENTION

33.     Plaintiff incorporates all of the allegations contained in paragraphs one (1)

through thirty-two (32) of the complaint as fully as though the same were set forth herein at

length.

11

34.     The Corporate De La Fontaine Defendants had a duty to use reasonable care to select a driver who was fit to perform the duties involving the operation of the vehicle.

35.     The Corporate De La Fontaine Defendants had a duty to use reasonable care to train and supervise the driver so that he was fit to perform the duties involving the operation of the vehicle.

36.     The Corporate De La Fontaine Defendants had a duty pursuant to Restatement of Torts 2d Section 317 to exercise reasonable care in the hiring, training, supervision and/or retention of Defendant ROULLIER.

37.     The Corporate De La Fontaine Defendants knew or should have known that Defendant ROULLIER would be likely to operate the motor vehicle in a negligent or careless manner.

38.     The Corporate De La Fontaine Defendants knew or should have known that Defendant ROULLIER was not competent or fit to safely operate the vehicle.

39.     The Corporate De La Fontaine Defendants breached its duty to use reasonable care to select and retain a driver that was competent and fit to safely operate the vehicle.

40.     As a result of the negligence of The Corporate De La Fontaine Defendants in hiring and retaining Defendant ROULLIER, Plaintiff was injured as hereinbefore averred.

WHEREFORE, Plaintiff, LUDIN HERRERA-AGUILAR demands judgment against Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

12

**FOURTH COUNT**

## LUDIN HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT ENTRUSTMENT

41.     Plaintiff incorporates all of the allegations contained in paragraphs one (1) through forty (40) of the complaint as fully as though the same were set forth herein at length.

42.     At all times relevant hereto, The Corporate De La Fontaine Defendants entrusted the use of its vehicle to Defendant ROULLIER.

43.     The Corporate De La Fontaine Defendants knew or should have known that Defendant ROULLIER would be likely to operate the motor vehicle in a negligent or careless manner.

44.     The Corporate De La Fontaine Defendants knew or should have known that Defendant ROULLIER was not competent or fit to safely operate the vehicle.

45.     The Corporate De La Fontaine Defendants knew or should have known that the entrustment of its vehicle to Defendant ROULLIER created a serious risk of harm to others.

46.     The Corporate De La Fontaine Defendants had a duty pursuant to Restatement of Torts 2d Section 308 to exercise reasonable care in the entrustment of its vehicle to Defendant ROULLIER so that the entrustment did not create a serious risk of harm to others.

47.     As a result of the conduct of The Corporate De La Fontaine Defendants in negligently entrusting its vehicle to Defendant ROULLIER, Plaintiff was injured as hereinbefore averred.

13

WHEREFORE, Plaintiff, LUDIN HERRERA-AGUILAR demands judgment against Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

**FIFTH COUNT**

**FLORINDA HERRERA-AGUILAR vs. GRAEME ROULLIER**

48.      Plaintiff incorporates all of the allegations contained in paragraphs one (1) through twenty-five (25) of the complaint as fully as though the same were set forth herein at length.

49.      As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, Florinda Herrera-Aguilar was violently tossed about the inside of the vehicle, sustaining serious personal injuries, including but not limited to multiple contusions, bruises and abrasions, a cervical strain and sprain, a right shoulder strain and sprain, cervical radiculopathy, thoracic strain and sprain, a chest contusion, myositis, and an aggravation or exacerbation of pre-existing degenerative conditions, all of which are or may be permanent in nature, and a severe and permanent shock to her nervous system, with resultant substantial loss of a body function, as a result of which she has suffered and may and probably will in the future continue to suffer great pain, agony and suffering, and she has been and probably will in the future be, hindered and prevented from attending to her usual and daily duties or have interfered with her ability to engage in active pursuits, to her great financial damage and loss.

50.      As a further result of the aforesaid negligence of the Defendants, the plaintiff has

14

suffered an injury which may be, in full or part, permanent, irreparable and severe.

51.     As a result of the injuries sustained, Plaintiff has been obliged to expend various

sums of money for medicine and medical attention in and about endeavoring to treat and cure

herself of her injuries, to her great financial damage and loss.

52.     As a direct result of this incident, Plaintiff has or may hereafter incur other

financial expenses or losses which do or may exceed amounts which she may otherwise be

entitled to recover, and result in an economic loss to her great financial damage and loss.

53.     As a direct and proximate result of the aforesaid negligence of the Defendants, the

Plaintiff has been disabled, and in the future may not be able to perform her usual functions and

has been caused great pain and suffering, to her great loss and damage.

WHEREFORE, Plaintiff, FLORINDA HERRERA-AGUILAR demands judgment against

Defendant GRAEME ROULLIER in an amount in excess of Seventy-Five Thousand

($75,000.00) Dollars.

<h2 style="text-align:center">SIXTH COUNT</h2>

<h3 style="text-align:center">FLORINDA HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES,<br>DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and<br>DE LA FONTAINE DIVISION TRANSPORT, INC.</h3>

54.     Plaintiff incorporates all of the allegations contained in paragraphs thirty-two and

forty-eight (48) to fifty-three (53) of the complaint as  fully as though the same were set forth

herein at length.

WHEREFORE, Plaintiff, FLORINDA HERRERA-AGUILAR demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

15

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC.  in an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## SEVENTH COUNT

### FLORINDA HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. <u>FOR NEGLIGENT HIRING AND RETENTION</u>

55.    Plaintiff incorporates all of the allegations contained in paragraphs thirty-three

(33) to forty  (40) and fifty-four (54) of the complaint as fully as though the same were set forth

herein at length.

WHEREFORE, Plaintiff, FLORINDA HERRERA-AGUILAR demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount

in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## EIGHTH COUNT

### FLORINDA HERRERA-AGUILAR vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. <u>FOR NEGLIGENT ENTRUSTMENT</u>

56.    Plaintiff incorporates all of the allegations contained in paragraphs forty-one (41)

through forty-seven (47) and fifty-four (54) of the complaint as fully as though the same were set

forth herein at length.

WHEREFORE, Plaintiff, FLORINDA HERRERA-AGUILAR demands judgment against Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## NINTH COUNT

### SANDRA RIVERA RODRIGUEZ vs. GRAEME ROULLIER

57.    Plaintiff incorporates all of the allegations contained in paragraph forty-eight (48) of the complaint as fully as though the same were set forth herein at length.

58.    As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, Sandra Rivera Rodriguez  was violently tossed about the inside of the vehicle, sustaining serious personal injuries, including but not limited to multiple contusions, bruises and abrasions, a cervical strain and sprain, cervical radiculopathy, lumbar strain and sprain, lumbar radiculopathy, right carpal tunnel syndrome, cervicalgia, left shoulder strain and sprain, right wrist strain and sprain, bilateral knee contusions and an aggravation or exacerbation of pre-existing degenerative conditions, all of which are or may be permanent in nature, and a severe and permanent shock to her nervous system, with resultant substantial loss of a body function, as a result of which she has suffered and may and probably will in the future continue to suffer great pain, agony and suffering, and she has been and probably will in the future be, hindered and prevented from attending to her usual and daily duties or have interfered with her ability to engage in active pursuits, to her great financial damage and loss.

59.    As a further result of the aforesaid negligence of the Defendants, the plaintiff has

17

suffered an injury which may be, in full or part, permanent, irreparable and severe.

60.     As a result of the injuries sustained, Plaintiff has been obliged to expend various

sums of money for medicine and medical attention in and about endeavoring to treat and cure

herself of her injuries, to her great financial damage and loss.

61.     As a direct result of this incident, Plaintiff has or may hereafter incur other

financial expenses or losses which do or may exceed amounts which she may otherwise be

entitled to recover, and result in an economic loss to her great financial damage and loss.

62.     As a direct and proximate result of the aforesaid negligence of the Defendants, the

Plaintiff has been disabled, and in the future may not be able to perform her usual functions and

has been caused great pain and suffering, to her great loss and damage.

WHEREFORE, Plaintiff, SANDRA RIVERA RODRIGUEZ demands judgment against

Defendant GRAEME ROULLIER in an amount in excess of Seventy-Five Thousand

($75,000.00) Dollars.

## TENTH COUNT

### SANDRA RIVERA RODRIGUEZ  vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC.

63.     Plaintiff incorporates all of the allegations contained in paragraphs thirty-two and

fifty-eight (58) to sixty-two (62) of the complaint as  fully as though the same were set forth

herein at length.

WHEREFORE, Plaintiff, SANDRA RIVERA RODRIGUEZ demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

18

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC.  in an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## ELEVENTH COUNT

### SANDRA RIVERA RODRIGUEZ  vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT HIRING AND RETENTION

64.     Plaintiff incorporates all of the allegations contained in paragraphs thirty-three

(33) to forty  (40) and sixty-three (63) of the complaint as fully as though the same were set forth

herein at length.

WHEREFORE, Plaintiff, SANDRA RIVERA RODRIGUEZ demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC.  in an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## TWELFTH COUNT

### SANDRA RIVERA RODRIGUEZ  vs.  DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT ENTRUSTMENT

65.     Plaintiff incorporates all of the allegations contained in paragraphs forty-one (41)

through forty-seven (47) and sixty-three (63) of the complaint as fully as though the same were

set forth herein at length.

19

WHEREFORE, Plaintiff, SANDRA RIVERA RODRIGUEZ demands judgment against Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### THIRTEENTH COUNT

### VENANCIA GAITAN vs. GRAEME ROULLIER

66. Plaintiff incorporates all of the allegations contained in paragraph forty-eight (48) of the complaint as fully as though the same were set forth herein at length.

67. As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, Venancia Gaitan was violently tossed about the inside of the vehicle, sustaining serious personal injuries, including but not limited to multiple contusions, bruises and abrasions, a cervical strain and sprain, thoracic strain and sprain, lumbar strain and sprain, left SI joint dysfunction, lumbar facet syndrome, cervical radiculopathy, lumbar radiculopathy, left knee contusion and an aggravation or exacerbation of pre-existing degenerative conditions, all of which are or may be permanent in nature, and a severe and permanent shock to her nervous system, with resultant substantial loss of a body function, as a result of which she has suffered and may and probably will in the future continue to suffer great pain, agony and suffering, and she has been and probably will in the future be, hindered and prevented from attending to her usual and daily duties or have interfered with her ability to engage in active pursuits, to her great financial damage and loss.

68. As a further result of the aforesaid negligence of the Defendants, the plaintiff has

20

suffered an injury which may be, in full or part, permanent, irreparable and severe.

69.    As a result of the injuries sustained, Plaintiff has been obliged to expend various

sums of money for medicine and medical attention in and about endeavoring to treat and cure

herself of her injuries, to her great financial damage and loss.

70.    As a direct result of this incident, Plaintiff has or may hereafter incur other

financial expenses or losses which do or may exceed amounts which she may otherwise be

entitled to recover, and result in an economic loss to her great financial damage and loss

71.    As a direct and proximate result of the aforesaid negligence of the Defendants, the

Plaintiff has been disabled, and in the future may not be able to perform her usual functions and

has been caused great pain and suffering, to her great loss and damage.

WHEREFORE, Plaintiff, VENANCIA GAITAN demands judgment against Defendant

GRAEME ROULLIER in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## FOURTEENTH COUNT

### VENANCIA GAITAN  vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC.

72.    Plaintiff incorporates all of the allegations contained in paragraphs thirty-two and

sixty-seven (67) to seventy-one (71) of the complaint as  fully as though the same were set forth

herein at length.

WHEREFORE, Plaintiff, VENANCIA GAITAN demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC.  in an

21

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## FIFTEENTH COUNT

### VENANCIA GAITAN  vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT HIRING AND RETENTION

73.     Plaintiff incorporates all of the allegations contained in paragraphs thirty-three

(33) to forty  (40) and seventy-two (72) of the complaint as fully as though the same were set

forth herein at length.

WHEREFORE, Plaintiff, VENANCIA GAITAN demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC.  in an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## SIXTEENTH COUNT

### VENANCIA GAITAN  vs. DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC., DE LA FONTAINE, INC. and DE LA FONTAINE DIVISION TRANSPORT, INC. FOR NEGLIGENT ENTRUSTMENT

74.     Plaintiff incorporates all of the allegations contained in paragraphs forty-one (41)

through forty-seven (47) and seventy-two (72) of the complaint as fully as though the same were

set forth herein at length.

WHEREFORE, Plaintiff, VENANCIA GAITAN demands judgment against

Defendants DE LA FONTAINE INDUSTRIES, DE LA FONTAINE INDUSTRIES INC.,

22

DE LA FONTAINE, INC.and DE LA FONTAINE DIVISION TRANSPORT, INC. in an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

75.    Plaintiffs assert their rights under the Seventh Amendment to the U.S.

Constitution, and demand, in accordance with Federal Rule 38, a trial by jury on all issues.

Respectfully submitted

Date: 9|13|22

TODD A. GOODMAN, ESQUIRE
Oxman Goodstadt Kuritz, P.C.
1518 Walnut Street, Suite 1010
Philadelphia, PA 19107
(215) 665-9999
goodmant@ogklaywers.com
Attorney for Plaintiffs
ATTORNEY ID #57626

23

## **VERIFICATION**

TODD A. GOODMAN, ESQUIRE, hereby states that he is the attorney for the Plaintiffs in this action and upon information and belief verifies that the facts set forth in the within Pleading are true and correct to the best of his knowledge. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

TODD A. GOODMAN, ESQUIRE